ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

03 JUL -2 AM 9:58

DEPUTY CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No. |
| Plaintiff, | |
| vs. | 5:03-cv-0219-2 (WDO) |
| CAGLE'S, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of sex (including but not limited to sexual harassment) and retaliation, and to provide appropriate relief to the charging party, Ms. April Lepera (hereinafter "Charging Party"), who was adversely affected by such practices.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Georgia, Macon Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1)and (3).

4.  At all relevant times, Defendant Cagle's, Inc. (the "Defendant") has continuously been a corporation doing business in the State of Georgia and the city of Perry, Georgia, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than 30 days prior to the institution of this lawsuit, Charging Party filed their charges with the Commission alleging a violation of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least October of 2000, Defendant engaged in unlawful employment practices at its Perry, Georgia facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Charging Party to

    (a) sexual harassment; and

    (b) retaliation.

8.  The effects of the practices complained of in paragraph 7 above have been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as employee because of her sex and because she engaged in protected activity.

9. The unlawful employment practices complained of in paragraph 7 above were intentional and were carried out with malice and/or reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in sexual harassment against women and any other employment practice which discriminates on the basis of sex and involvement in protected conduct.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Charging Party, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and/or rightful-place reinstatement of Charging Party.

D. Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary loss resulting from the unlawful employment practices described above, including job search expenses, in amount to be determined at trial.

E. Order Defendant to make whole Charging Party by providing compensation for non-pecuniary loss resulting from the unlawful employment practices described above, including emotional pain and suffering, anxiety, stress, depression, and humiliation, in amount to be determined at trial.

3

F.   Order Defendant to pay to Charging Party punitive damages for Defendant's malicious and reckless conduct described above, in amount to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper.

H.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

_____
S. ROBERT ROYAL
Regional Attorney
Georgia Bar No.: 617505

MARCUS G. KEEGAN
Trial Attorney
Georgia Bar No.: 410424

U. S. EQUAL EMPLOYMENT
         OPPORTUNITY COMMISSION
ATLANTA DISTRICT OFFICE
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818
Facsimile:   (404) 562-6905