# United States Court of Appeals
For the Eleventh Circuit



FILED
U.S. DISTRICT COURT
MIDDLE GEORGIA

2006 APR 11 PM 3:51

DEPUTY CLERK

No. 05-11213

District Court Docket No.
03-00219-CV-WDO-5

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Feb 24, 2006

THOMAS K. KAHN
CLERK

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff-Appellant,

APRIL LEPERA,

        Intervenor-Plaintiff-
        Appellant,

versus

CAGLE'S INC.,

        Defendant-Intervenor-
        Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeals from the United States District Court
for the Middle District of Georgia

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
APR 1 0 2006
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: February 24, 2006
For the Court: Thomas K. Kahn, Clerk
By: Harper, Toni

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 05-11213

D.C. Docket No. 03-00219-CV-WDO-05

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 24, 2006
THOMAS K. KAHN
CLERK

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff-Appellant,

APRIL LEPERA,

Intervenor- Plaintiff-
Appellant,

versus

CAGLE'S, INC.,

Defendant-Intervenor-
Defendant-Appellee.

Appeals from the United States District Court
for the Middle District of Georgia

(February 24, 2006)

Before BLACK, HULL and FARRIS*, Circuit Judges.

___

*Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

PER CURIAM:

Plaintiffs Equal Employment Opportunity Commission and April Lepera appeal the district court's decision granting summary judgment to defendant Cagle's, Inc. on their Title VII sexual harassment and retaliation claims. We review this summary judgment decision de novo. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). We affirm.

If the allegations are true, Ms. Lepera's supervisor's conduct constituted sexual harassment. His vulgar commentary and disturbing physical violations were both severe and pervasive. *See Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501, 508-509 (11th Cir. 2000) ("When determining whether harassment is objectively severe and pervasive, courts consider the frequency of the conduct, the severity of the conduct, whether the conduct is physically threatening or humiliating, or a mere offensive utterance, and whether the conduct unreasonably interferes with the employee's job performance." (internal quotations and citation omitted)). All the more outrageous was that these acts were perpetrated by the head of Cagle's human resources department at its Perry, Georgia plant.

Employer liability for a supervisor's sexual harassment is a two-way street. *See Madray v. Publix Supermarkets, Inc.*, 208 F.3d 1290, 1302 (11th Cit. 2000)

("workplace discrimination cannot be corrected without the cooperation of the victims" (internal alteration and citation omitted)). In general, under the *Faragher/Ellerth* defense an employer may be relieved of its vicarious liability if (1) it disseminated an adequate anti-harassment policy and took reasonably prompt action "designed to stop the harassment, correct its effects on the employee, and ensure that the harassment does not recur," and (2) the victimized employee failed to report her harassment in compliance with the reporting policy. *See Walton v. Johnson & Johnson Servs., Inc.*, 347 F.3d 1272, 1286, 1288-89 (11th Cir. 2003) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 807-08 (1998)); *Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1313-14 (11th Cir. 2001). "[I]n some cases, the proof will show that the employee's non-compliance was reasonable under the circumstances and, in these cases, the defendant cannot satisfy the second element of the affirmative defense." *Frederick*, 246 F.3d at 1314.

The record indicates that Cagle's did have an adequate policy and, once informed of the harassment, it immediately suspended Ms. Lepera's supervisor and forced him to permanently resign within days. Although two former employees told her they believed they were terminated for reporting racial harassment, and that caused her to fear retaliation if she made a report, it was Ms. Lepera's burden to allege sufficient facts to justify consideration of her

allegations. She failed to do so. *See Walton*, 347 F.3d at 1290-91 ("... absent a credible threat of retaliation ... subjective fears of reprisal do not excuse [a] failure to report ... alleged harassment." (internal citations omitted)). Cagle's swift response suggests that Ms. Lepera could have been spared much of the trauma suffered at the hands of her supervisor had she followed the anti-harassment policy. *See id.* at 1290.

Ms. Lepera was terminated sixteen days after making her sexual harassment complaint. Retaliation claims are evaluated under the *McDonnell Douglas* burden shifting framework. *Brungart v. Bellsouth Telecomms., Inc.*, 231 F.3d 791, 798 (11th Cir. 2000). The close temporal proximity between Ms. Lepera's complaint and termination establishes a prima facie case of retaliation. *See id.*; *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999). Cagle's asserts that Ms. Lepera was fired for poor job performance, which was discovered during an investigation of the Perry plant's human resources department initiated as a result of her harassment complaint. The record supports this non-retaliatory justification for her termination.

AFFIRMED

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: [signature]
Deputy Clerk
Atlanta, Georgia